11-5150-cv
Leng v. Pinnacle Performance Ltd.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of April, two thousand and twelve.

PRESENT: BARRINGTON D. PARKER, JR.,
           RICHARD C. WESLEY,
                    *Circuit Judges,*
           SIDNEY H. STEIN,*
                    *District Judge.*

--------------------------------------------------

LAM YEEN LENG, ZHAO YUZHENG, NG SHOOK PHIN SUSAN, CHOH GEK HONG JOHNSON, HO YU WAH PETER, NEO SAY HOE, ANG SOO CHENG, LIM THIAN LOKE, BOEY CHERN YUE, YEO PENG CHYE, NI YAN AMY, LI CHAN CHIH ERIC, SINGAPORE GOVERNMENT STAFF CREDIT COOPERATIVE SOCIETY, LIMITED, LOH TUCK WOH PETER, CHUA HUI LOO, PAN YUEN DAPHNE, CHO SIEW KONG DOUGLAS, GE DANDONG,

                *Plaintiffs-Appellees,*

    -v.-                              11-5150-cv

PINNACLE PERFORMANCE LIMITED, MORGAN STANLEY ASIA (SINGAPORE) PTE, MORGAN STANLEY & CO. INTERNATIONAL, PLC, MORGAN STANLEY CAPITAL SERVICES INCORPORATED, MORGAN STANLEY & CO. INCORPORATED,

                *Defendants-Appellants.*

--------------------------------------------------

      * Judge Sidney H. Stein of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANTS:     BRUCE D. ANGIOLILLO (Jonathan K. Youngwood, *on the brief*), Simpson Thatcher & Bartlett LLP, New York, NY.

FOR APPELLEES:      ANDREW M. MCNEELA (Daniel Hume, Ira M. Press, *on the brief*), Kirby McInerney LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Sand, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** as to Defendants-Appellants Morgan Stanley Asia (Singapore) PTE, Morgan Stanley & Co. International, PLC, Morgan Stanley Capital Services Incorporated, and Morgan Stanley & Co. Incorporated.  As to Defendant-Appellant Pinnacle Performance Limited ("Pinnacle"), we **REMAND** for the district court to make personal jurisdiction findings.  The injunction will remain in place as to Pinnacle while the district court makes these findings.

Appellants, including Pinnacle, appeal from an order of the United States District Court for the Southern District of New York (Sand, *J.*) issuing a preliminary injunction. The injunction prohibits Appellants from pursuing their own anti-suit injunction from the High Court of the Republic of Singapore ("Singapore Motion") that would require Appellees to litigate their claims exclusively in Singapore.

Appellants also seek interlocutory review of the district court's order denying their motion to dismiss Appellees' complaint. Appellants ask this Court to consider their argument made below that Appellees' suit must be dismissed, either on the basis of *forum non conveniens* or on the basis of a Singapore forum selection clause contained in the Pricing Statements for the credit-linked notes at issue in this litigation. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews the issuance of an anti-suit injunction for abuse of discretion, namely, the incorrect application of legal standards or reliance on clearly erroneous findings of fact. *Karaha Bodas Co., L.L.C. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 500 F.3d 111, 118-19 (2d Cir. 2007). This Circuit has suggested that before issuing an anti-suit injunction, a court must (1) "address[] the propriety of imposing an anti-suit injunction" under the test established in *China Trade & Dev. Corp. v. M.V. Choong Yong*, 837 F.2d 33, 35 (2d Cir. 1987) (the "*China Trade*" test), and then (2) "make findings on whether it is appropriate to enter a preliminary

3

injunction." *In re Millenium Seacarriers, Inc.*, 458 F.3d 92, 98 (2d Cir. 2006) (per curiam) (emphasis removed).

The district court properly determined that Appellees satisfied both of these tests. First, the district court properly found that Appellees had satisfied the two threshold elements of the *China Trade* test: (1) the parties to both proceedings are the same, and (2) "resolution of the case before the enjoining court [will] be dispositive of the action to be enjoined." *China Trade*, 837 F.2d at 35. Appellees have also met their burden under the additional *China Trade* factors. *See Karaha Bodas Co.*, 500 F.3d at 119.[1] Most importantly here, the district court found that the enjoined Singapore Motion would threaten the district court's jurisdiction. *See China Trade*, 837 F.2d at 36 ("[I]f a foreign court is not merely proceeding in parallel but is attempting to carve out exclusive jurisdiction over the action, an injunction may . . . be necessary to protect the enjoining court's jurisdiction."). Appellants'

---

[1]These factors include whether the enjoined action would "(1) frustrate . . . a policy in the enjoining forum; (2) . . . be vexatious; (3) . . . threaten . . . the issuing court's . . . jurisdiction; (4) . . . prejudice other equitable considerations; or (5) . . . result in delay, inconvenience, expense, inconsistency, or a race to judgment." *Karaha Bodas Co.*, 500 F.3d at 119 (internal quotation marks and alterations omitted).

4

Singapore Motion seeks a determination that Singapore is the proper forum for Appellees' suit. Faced with this clear threat to its jurisdiction over the case, the district court properly exercised its discretion in finding that this factor weighed heavily against Appellants.

The district court also properly determined that Appellees satisfied the traditional test for the issuance of a preliminary injunction. Under that test, Appellees must show (1) irreparable harm, (2) sufficiently serious questions going to the merits, and (3) a balance of hardships tipping decidedly towards them. *See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). We agree with the district court that Appellees have demonstrated irreparable harm through the "actual and imminent possibility that [they] will be enjoined from prosecuting their suit in this, or in any other non-Singaporean, forum," and that there are sufficiently serious questions going to the merits. *Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ. 8086, 2011 WL 6156743, at *7 (S.D.N.Y. Dec. 12, 2011) (internal quotation marks omitted). Finally, the district court properly found that the balance of hardships "tips decidedly in favor of

5

[Appellees]" due to the timing of Appellants' Singapore Motion, the danger that Appellees will be enjoined from proceeding in their chosen forum, and the potential expense, delay, and inconvenience involved in requiring Appellees to litigate in Singapore and possibly abandoning their case in New York. *Id.*

However, the district court erred in enjoining Pinnacle without first making any findings as to its jurisdiction over that party. Where a challenge to personal jurisdiction is interposed on an application for a preliminary injunction, the district court must determine that the party moving for the injunction has established "at least a reasonable probability of ultimate success on the question of the court's in personam jurisdiction" over the non-moving party. *Weitzman v. Stein*, 897 F.2d 653, 659 (2d Cir. 1990); *Visual Scis., Inc. v. Integrated Commc'ns Inc.*, 660 F.2d 56, 59 (2d Cir. 1981).

Here, Appellants initially moved to dismiss the complaint on the grounds that Pinnacle was an indispensable party under Fed. R. Civ. P. 19(b) and that the court did not have personal jurisdiction over Pinnacle. In deciding that motion, however, the district court focused solely on

6

whether Pinnacle was an indispensable party. Having concluded that it was not, the court saw no need to resolve the jurisdictional question.

Nor did the district court address whether it had jurisdiction over Pinnacle during the preliminary injunction hearing or in its subsequent memorandum and order granting the preliminary injunction. Having determined that the parties in the federal action were the "same" as the parties involved in the Singapore Motion for the purposes of *China Trade*, the district court seemed to think that Pinnacle's appearance and answer in this case permitted it to grant the injunction. *See Dandong*, 2011 WL 6156743, at *4 ("Pinnacle, having answered the complaint, is now a party to the suit in New York. For this reason, the parties to both suits are identical.") (internal citation omitted). But Pinnacle's presence in the lawsuit did not provide the answer to the jurisdictional question, which is necessary to enjoin Pinnacle because Pinnacle raised jurisdictional objections both in its answer and in the motion to dismiss.

In the absence of any jurisdictional determination as to Pinnacle, this Court must remand to the district court to "make factual findings adequate enough to permit intelligent

7

appellate review." *Visual Scis.*, 660 F.2d at 59. The injunction will remain in place while the district court makes this finding. *See Millenium Seacarriers*, 458 F.3d at 98 (keeping anti-suit injunction in place while remanding for court to make *China Trade* findings).[2]

Finally, we decline to address whether the district court properly ruled on Appellants' *forum non conveniens* or forum selection clause arguments. This Court may exercise pendent jurisdiction to review any issue that is "inextricably intertwined with a question that is the proper subject of an immediate appeal, or . . . where review of a jurisdictionally insufficient issue is necessary to ensure meaningful review of a jurisdictionally sufficient one." *LaForest v. Former Clean Air Holding Co.*, 376 F.3d 48, 51 (2d Cir. 2004) (internal quotation marks omitted). Two rulings are "inextricably intertwined" when the "same specific question" underlies both orders such that this Court's resolution of the question "will necessarily resolve

---

[2] We express no view on the effect of a finding that the court lacks personal jurisdiction over Pinnacle on the court's determination that the parties are the "same" or "sufficiently similar" for the purposes of satisfying *China Trade*'s first threshold element. *See Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 652 (2d Cir. 2004).

the appeals from both orders at once." *Myers v. Hertz Corp.*, 624 F.3d 537, 553 (2d Cir. 2010) (internal quotation marks omitted).

While the issue of the district court's anti-suit injunction order is properly before this Court pursuant to 28 U.S.C. § 1292(a)(1), neither the issue of *forum non conveniens* nor the applicability of the Singapore forum selection clause involves the "same specific question" such that the rulings are inextricably intertwined. Appellants' argument that these issues all center on "whether New York is an appropriate forum" is unpersuasive. Appellants' Reply Br. 19. Determining whether to issue an anti-suit injunction involves assessing the harm caused, and the jurisdictional threat imposed, by concurrent or superceding proceedings in another forum. In contrast, the *forum non conveniens* inquiry asks whether there is an adequate alternative forum that would better serve the litigation. And the applicability of a forum selection clause depends on contract interpretation, not on harm to litigants, the court, or international comity. It is not enough that Appellants have shown some similarity between these issues:

> [T]he pendent jurisdiction standard is not satisfied
> when we are confronted with two similar, but

independent, issues, and resolution of the non-appealable order would require us to conduct an inquiry that is distinct from and broader than the inquiry required to resolve solely the issue over which we properly have appellate jurisdiction.

*Myers*, 624 F.3d at 553-54 (internal quotation marks omitted).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** as to Defendants-Appellants Morgan Stanley Asia (Singapore) PTE, Morgan Stanley & Co. International, PLC, Morgan Stanley Capital Services Incorporated, and Morgan Stanley & Co. Incorporated. As to Defendant-Appellant Pinnacle, we **REMAND** for the district court to make personal jurisdiction findings. The injunction will remain in place as to Pinnacle while the district court makes these findings.

The motion by The Securities Industry & Financial Markets Association, *et al.* for leave to file an *amicus curiae* brief in support of Appellants is moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

10