15-736-cv
Simmtech Co., Ltd. v. Citibank N.A. et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of February, two thousand sixteen.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             SUSAN L. CARNEY,
                    *Circuit Judges*.

_____

SIMMTECH CO., LTD.,

                    *Plaintiff-Appellant*,

             v.                                         15-736-cv

CITIBANK, N.A., CITIGROUP INC., CITIBANK OVERSEAS INVESTMENT CORPORATION, CITICORP HOLDINGS INC., CITIGROUP GLOBAL MARKETS INC.,

                    *Defendants-Appellees*.

_____

Appearing for Appellant:     Alan L. Poliner, Kim & Bae, P.C., Fort Lee, NJ.

Appearing for Appellee:      Daniel M. Perry, Milbank Tweed Hadley & McCoy LLP (Scott A. Edelman, Jed M. Schwartz, *on the brief*), New York, NY.

Appeal from the United States District Court for the Southern District of New York (Forrest, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED**.

Simmtech Co., Ltd. appeals from the February 17, 2015 judgment of the United States District Court for the Southern District of New York (Forrest, *J.*) dismissing its complaint against Citibank, N.A., Citigroup Inc., Citibank Overseas Investment Corp., Citibank Holdings Inc., and Citigroup Global Markets Inc. (together, "Citibank") on the ground of forum non conveniens. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Simmtech is a South Korean corporation that sells circuit boards for semiconductors worldwide.  Between 2006 and 2008 it purchased certain derivatives from Citibank, including "knock-in" and "knock-out options" ("KIKOs"), dual currency deposits, and currency coupon swaps. Simmtech bought the securities at issue from Citibank Korea ("CKI"), and alleges that it lost $73 million when the contracts expired between 2006 and 2008. CKI is a Korean bank, organized under Korean law. All of the negotiations for the contracts took place in Korea and were conducted in Korean between representatives of Simmtech and representatives of CKI. Simmtech alleges that Citibank, through CKI, marketed the derivatives to Simmtech and other clients as safe and appropriate investments, concealing the fact that the investments were actually risky. Unsuccessful in its efforts to recoup its losses from CKI in the South Korean courts, Simmtech filed the instant lawsuit in New York state court against Citibank, which removed it to federal court.   The district court granted Citibank's motion to dismiss on the ground of forum non conveniens.

The "decision to dismiss a case on *forum non conveniens* grounds lies wholly within the broad discretion of the district court and may be overturned only when we believe that discretion has been clearly abused." *Iragorri v. United Techs. Corp*., 274 F.3d 65, 72 (2d Cir. 2001) (internal quotation marks and emphasis omitted). "Discretion is abused in the context of forum non conveniens when a decision (1) rests either on an error of law or on a clearly erroneous finding of fact, or (2) cannot be located within the range of permissible decisions, or (3) fails to consider all the relevant factors or unreasonably balances those factors." *Pollux Holding Ltd. v. Chase Manhattan Bank*, 329 F.3d 64, 70 (2d Cir. 2003) (internal citation omitted).  The degree of deference owed to plaintiffs' choice of forum is measured on a "sliding scale," *Iragorri*, 274 F.3d at 71.  Thus:

> the more it appears that the plaintiff's choice of a U.S. forum was motivated by forum-shopping reasons—such as . . . the inconvenience and expense to the respondent resulting from litigation in that forum—the less deference the plaintiff's choice commands, and, consequently, the easier it becomes for the defendant to succeed on a *forum non conveniens* motion by showing that convenience would better be served by litigating in another country's courts.

2

*Id.* at 72.  Conversely, "the greater the plaintiff's or the lawsuit's bona fide connection to the United States and to the forum of choice and the more it appears that considerations of convenience favor the conduct of the lawsuit in the United States, the more difficult it will be for the defendant to gain dismissal for *forum non conveniens*." *Id.* (footnote omitted).

We find the district court's grant of Citibank's motion fell outside the range of permissible decisions. *Iragorri* warns that district courts must "arm themselves with an appropriate degree of skepticism in assessing whether the defendant has demonstrated genuine inconvenience and a clear preferability of the foreign forum." *Id.* at 75.  Here, the district court failed to appreciate that the complaint is grounded in the theory of agency.  *See, e.g., Suez Equity Inv'rs, L.P. v. Toronto-Dominion Bank*, 250 F.3d 87, 101 (2d Cir. 2011) ("A corporation can only act through its employees and agents, and an allegation that a particular agent may have doctored or conveyed the [forged] report will not immunize the principals from [primary] liability for a knowing deception." (citation omitted)). Viewed through the lens of an agency theory of fraud, it is readily apparent that there are a multitude of contacts with New York that indicate a strong likelihood that witnesses and evidence are most conveniently produced in plaintiff's chosen forum.  Simmtech alleges that "many if not all of CKI's advertising and marketing materials prominently bore the label 'Citigroup,'" App'x at 572, including reports provided by CKI to Simmtech related to future movements of the Korean Won relative to the U.S. dollar. Simmtech also alleges that all of the KIKO purchase confirmations indicated they were generated by Citigroup or its New York subsidiaries. The complaint further alleges that the disclosure report corresponding to an initial underlying KIKO contract was explicitly attributed to Citigroup and "identified (in English) a variety of Citigroup subsidiaries [in other countries] to which the report was being distributed." App'x at 611-12.  Simmtech further alleges that "[v]irtually all of the relevant email communications between CKI and Simmtech were sent from a 'citigroup.com' or 'citi.com' domain." App'x at 573.  We find the pleadings sufficiently allege conduct in New York such that the private and public factors favor litigation here.  *See, e.g., Dandong v. Pinnacle Performance Ltd.*, No. 10 Civ 8086(LBS), 2011 WL 5170293, *5-7 (S.D.N.Y. Oct. 23, 2011), *affirmed in part, and remanded on other grounds*, 474 Fed. App'x 910 (2d Cir. 2012).

Accordingly, the order of the district court hereby is VACATED, and this matter is REMANDED for further proceedings, including, but not necessarily limited to, consideration of such other additional bases for dismissal as defendants have raised or may raise going forward.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3